J-S33039-18

2018 PA Super 168

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHARLES GOODMOND | : | |
| Appellant | : | No. 3349 EDA 2016 |

Appeal from the PCRA Order September 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004767-2009

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 15, 2018**

Appellant Charles Goodmond appeals from the denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

Appellant was convicted of rape, involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, aggravated indecent assault without consent, incest, endangering the welfare of a child, and corruption of a minor.[2] A panel of this Court previously set forth the relevant facts which led to these convictions as follows:

> [Appellant] assaulted his daughter, C.M., over a four year period, beginning when C.M. was nine-years-old.  C.M., who lived with her mother, visited [Appellant] every other weekend.  C.M. stated that [Appellant] would take advantage of these visits to assault her.  C.M. indicated that the first assault occurred while C.M. was visiting [Appellant] at his girlfriend's house in Philadelphia.   C.M. testified that while she was sleeping,

---

[1]  42 Pa.C.S.A. §§ 9541-9546.
[2]  18 Pa.C.S.A.  §§  3121,  3123,  6318,  3125,  4302,  4304,  and  6301, respectively.

---

*   Former Justice specially assigned to the Superior Court.

[Appellant] carried her from her bed to the living room sofa, where he laid her on top of him and began to rub her buttocks. [Appellant] then placed C.M. on the floor and exposed his penis. He made her rub his penis with her hand and then inserted it into her mouth and moved her head "up and down."

C.M. testified that [Appellant] continued to force her to perform oral sex on him nearly every time she visited him. C.M[.] also testified that [Appellant] inserted his fingers in her vagina on several of these occasions. Once, while C.M. was visiting [Appellant] at her grandmother's house, [Appellant] forced her to suck his penis, ejaculated in her mouth and had her spit his semen into a soda bottle.

C.M. testified that she tried to stop seeing [Appellant], and that she became depressed and began to cut herself as a result of the abuse. Eventually, C.M. told a counselor at a psychiatric inpatient facility that [Appellant] had sexually abused her. [Appellant] was subsequently arrested.

***Commonwealth v. Goodmond***, No. 185 EDA 2012, unpublished memorandum at 1-2 (Pa.Super. filed July 23, 2013).

Following a non-jury trial, Appellant was found guilty of the aforementioned crimes. On June 17, 2011, Appellant was sentenced to consecutive terms of ten (10) years to twenty (20) years in prison for the rape conviction and five (5) years to ten (10) years in prison for the IDSI conviction. The trial court further ordered that these prison terms would be followed by four consecutive terms of five (5) years' probation for the unlawful contact with a minor, aggravated indecent assault, incest, and endangering the welfare of a child convictions.

Appellant filed post-sentence motions, which the trial court denied. Appellant thereafter filed a timely notice of appeal. As the trial court was no longer sitting on the bench at the time Appellant filed his appeal, a concise

statement pursuant to Pa.R.A.P. 1925(b) was neither ordered nor filed. This Court denied the appeal in a memorandum decision filed on July 23, 2013. *Commonwealth v. Goodmond*, 82 A.3d 1074 (Table).

On July 16, 2014, Appellant filed the instant PCRA petition. Counselled amended petitions were filed on September 3, 2015, and on August 26, 2016. The PCRA court dismissed Appellant's petition on September 23, 2016, and the instant appeal followed on October 21, 2016. The trial court issued its Order pursuant to Pa.R.A.P. 1925(b) on March 31, 2017, and Appellant filed his Statement of Matters Complained of on April 18, 2017.

In his appellate brief, Appellant presents the following Statement of Questions Involved:

> 1. Did the trial court err by dismissing the Post Conviction Relief Act (PCRA) petition of [Appellant] because trial counsel was ineffective for failing to call any character witnesses to testify on [Appellant's] good character?
>
> 2. Did the trial court err by dismissing the Post Conviction Relief Act (PCRA) petition of [Appellant] where trial counsel was ineffective for failing to obtain the lab results from the rape kit to determine whether the victim had gonorrhea?

Brief of Appellant at 3 (unnecessary capitalization omitted).

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Roney*, 622 Pa. 1, 15-16, 79 A.3d 595, 603 (2013) (citation omitted), *cert. denied*, 135 S.Ct. 56, 190 L.Ed. 56, 83 USLW 3185 (2014).

In order to obtain relief on an ineffectiveness claim, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 627 Pa. 673, 692, 101 A.3d 736, 747 (2014) (citations omitted).

Appellant first asserts counsel was ineffective for failing to call any character witnesses to testify as to Appellant's good character. Appellant attached to his first supplemental PCRA petition affidavits of his mother, Diane Harris, and another woman, Linda Ansley, which indicated they would testify as to his reputation in the community for "being honest" and "telling the truth." *See* Petition for Post Conviction Collateral Relief, filed September 3,

2015, Exhibit "A." Appellant contends such testimony would not have been utilized either to bolster or to impeach a witness, but rather baldly states that:

> The importance of character testimony is extremely important in the case at bar because the conviction of Appellant [] of assaulting C.M. over a four year period beginning when she was 9 years old is based primarily on the testimony of C.M. The disclosure by C.M. happened when she told a counselor at a psychiatric inpatient facility that Appellant [ ] had sexually abused her. Appellant [ ] was subsequently arrested.
> Character testimony was therefore extremely important in order to raise a reasonable doubt.

Brief of Appellant at 10-11, 17-18.[3]

We begin by noting that other than the aforementioned quotation, Appellant's argument on this point is comprised primarily of quotations and paraphrases of literary works and other writings by what Appellant refers to as "authors and other luminaries." **See** Brief of Appellant at 8-11, 15-18. Because this claim is undeveloped, we could find it waived, for this Court will not act as counsel and will not develop arguments on behalf of an appellant. **See In re R.D.,** 44 A.3d 657, 674 (Pa.Super. 2012), *appeal denied,* 618 Pa. 677, 56 A.3d 398 (2012); **Commonwealth v. Jones**, 583 Pa. 130, 140, 876 A.2d 380, 386 (2005) (undeveloped claims based upon a boilerplate assertion of counsel's ineffectiveness cannot establish counsel's ineffectiveness). Notwithstanding, this claim lacks merit.

> As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that

---

[3] Appellant presents the same argument in both the "Summary of Argument" and "Argument" portions of his brief.

character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. Pa.R.E. 404(a)(1). This Court has further explained the limited purpose for which this evidence can be offered:

It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, ... is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character involved in the commission of the crime charged.* The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the *community opinion* of the individual in question, *not through specific acts* or mere rumor.

*Commonwealth v. Johnson*, 27 A.3d 244, 247–48 (Pa.Super. 2011) (citing *Commonwealth v. Luther*, 463 A.2d 1073, 1077–78 (Pa.Super. 1983) (citations omitted; emphasis added)).

Our Supreme Court has determined that "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." *Commonwealth v. Treiber*, 632 Pa. 449, 498, 121 A.3d 435, 463 (2015) (citation omitted). It is axiomatic that when a PCRA petitioner claims counsel was ineffective for failing to call a witness, he or she must establish "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Id.* at 498, 121 A.3d at 464.

As stated previously, attached to Appellant's PCRA petition are two almost identical affidavits, neither of which is witnessed or notarized, which indicate that each potential witness was aware of Appellant's reputation in the community for "being honest" and "telling the truth," was available to testify at trial, and was never asked to do so by trial counsel. *See* Amended PCRA Petition, filed September 3, 2015, Exhibit "A." However, Appellant failed to demonstrate to the PCRA court or to this Court that trial counsel had been aware of these particular witnesses at the time of trial, or should have been aware of them. Also, Appellant has failed to establish the absence of the

proposed witnesses' testimony was so prejudicial as to deny him a fair trial (*See Commonwealth v. Paddy*, 609 Pa. 272, 292, 15 A.3d 431, 443 (2011) (stating "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective."). Because Appellant has failed to meet his burden of proving counsel had been ineffective for failing to call Ms. Harris and Ms. Ansley, he is not entitled to relief.[4]

Appellant next posits trial counsel was ineffective for his failure to obtain evidence that C.M. did not have gonorrhea and that Appellant did have the disease. Appellant first raised this claim in his Second Amended Petition for Post-Conviction Collateral Relief filed on August 26, 2016; however, Appellant has preserved it, as the PCRA court had granted Appellant several continuances to enable the filing of an amended petition. (*See Commonwealth v. Mason*, 634 Pa. 359, 401 n. 30, 130 A.3d 601, 626 n.

---

[4] The PCRA court found Appellant's first claim lacked merit in light of well-established precedent that evidence of a witness's character for truthfulness or honesty is inadmissible to bolster the witness's testimony unless the witness's truthfulness and honesty were attacked first. The PCRA court reasoned that the testimony of Ms. Harris and Ms. Ansley would likely not have been permitted because "only C.M.'s testimony contradicting Appellant's testimony, and the testimony of Appellant elicited through cross-examination, were used to impeach Appellant, as opposed to bad character evidence. As such, trial counsel had a reasonable basis for not introducing [their] testimony." PCRA Court Opinion, filed 7/31/17, at 6. This Court is not bound by the rationale of the lower court, and we may affirm it on any basis. *Commonwealth v. Williams*, 73 A.3d 609, 617 (Pa.Super. 2013), *appeal denied*, 624 Pa. 690, 87 A.3d 320 (2014).

30 (2015) (stating a PCRA petitioner may not raise new claims by merely supplementing a pending PCRA petition without court authorization because doing so wrongly subverts the PCRA's time limitation and serial petition restrictions).

Appellant disagrees with the trial court's conclusion in its Pa.R.A.P. 1925(a) Opinion that he could have contracted gonorrhea in prison where he had no contact with C.M. After making unsubstantiated allegations as to the number of cases of gonorrhea reported to the CDC[5] in 2016 and the manner in which gonorrhea is transmitted, Appellant baldly states that, the trial court's decision to the contrary, "[t]he chances of acquittal would have increased substantially if the crucial medical evidence would have been introduced and admitted into trial." Brief of Appellant at 13, 20.

Once again, we could find Appellant has waived this utterly undeveloped claim. **See In re R.D.**; **Jones**, **supra**. However, this issue, too, lacks merit. Appellant indicates in his Second Amended Petition for Post-Conviction Collateral Relief that "[i]t was determined *after the trial* that [Appellant] was suffering with gonorrhea. **See** Second Amended Petition for Post-Conviction Collateral Relief, filed 8/26/16, at ¶ 4 (emphasis added). He attaches as Exhibit "A" notes of testimony from the November 22, 2011, hearing held on

---

[5] Centers for Disease Control and Prevention.

Appellant's post-sentence motion pertaining to what he terms this "after discovered evidence."

Appellant's argument fails to acknowledge that trial counsel would have had no basis upon which to inquire as to whether C.M. had contracted gonorrhea because the record is devoid of any evidence that Appellant had the disease prior to or at the time of trial. To the contrary, Appellant's own averments indicate he did not become aware that he had gonorrhea until he was diagnosed with the disease in prison. N.T., 11/22/11, at 8-9, 13. As such, counsel cannot be deemed ineffective for failing believe gonorrhea was a relevant consideration herein. **See Commonwealth v. Lewis**, 560 Pa. 240, 244–45, 743 A.2d 907, 910 (2000) (stating that "[b]ecause appellant gave no indication at the time of his trial that he suffered from brain damage or serious mental illness, his trial counsel and subsequent appellate counsel cannot be ineffective for failing to investigate, discover and present evidence of such brain damage or mental illness).

In addition, as the PCRA court found, Appellant cannot prove prejudice:

> To establish prejudice, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008). Appellant still to this day as not acquired the rape kit results. Obviously, if the results came back that C.M. had gonorrhea, his claim would fall flat on its face. Moreover, because gonorrhea is not automatically transmitted between people who have sexual contact, and given that Appellant could have contracted gonorrhea in prison after his interactions with C.M. had ceased, Appellant cannot demonstrate a reasonable probability that he would have avoided a conviction even if the rape kit results were negative.

> His chances of acquittal could have increased under those circumstances but not by a sufficient magnitude. Accordingly, Appellant's claim fails.

PCRA court's Opinion, filed 7/31/17, at 7-8. We agree that even had trial counsel obtained the rape kit with a negative test result, there would not have been a reasonable probability that the outcome would have differed. In light of the foregoing, Appellant's second claim fails.

Order affirmed.

Judge McLaughlin joins the Opinion.

Judge Ott concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/18

- 11 -