J-A24018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN DANIEL KLINGER | : | |
| | : | |
| Appellant | : | No. 1881 MDA 2017 |

Appeal from the PCRA Order Entered November 1, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000548-2013,
CP-36-CR-0000836-2013, CP-36-CR-0001456-2013

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 16, 2019**

Benjamin Daniel Klinger appeals from the denial of his request for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Klinger maintains the trial court erred in denying his claims of ineffective assistance of counsel. We affirm.

On August 29, 2014, Klinger pled guilty to a number of offenses including third-degree murder and homicide by vehicle for the death of S.H., a minor.[1] The trial court sentenced him the same day to 28 to 56 years' incarceration, in agreement with the negotiated guilty plea. Klinger did not file a post-sentence motion or file a direct appeal with this Court. On September 28, 2015, Klinger filed his first timely counseled PCRA petition. The PCRA court

---

[1] 18 Pa.C.S.A. § 2502(c) and 75 Pa. C.S.A. § 3732, respectively.

held an evidentiary hearing on the petition on March 22, 2016.[2] **See** PCRA Court Opinion (PCO), filed November 1, 2017, at 2. After the hearing, the court ordered both parties to submit briefs. On November 1, 2017, the PCRA court denied the PCRA petition, concluding that the petition was timely but meritless as to its claims of ineffective assistance of counsel. This timely appeal followed.[3]

On appeal, Klinger asks this Court to review the following:

I.      Did the trial court err in finding that defense trial counsel was not ineffective because the circumstances surrounding the guilty plea demonstrate that this was not a knowing plea by [Klinger]?

II.     Did the trial court err in finding that the plea in all three matters separately met the constitutional requirements for the guilty plea?

III.    Did the trial court err in finding that [Klinger] was not due relief upon his claims of a substantive defense for the major charge of homicide?

IV.     Did the trial court err in finding that defense trial counsel was credible in his testimony?

Klinger's Br. at 9 (suggested answers omitted).

Our standard of review for the dismissal of a PCRA petition is as follows:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations,

_____

[2] The docket does not reflect this hearing but the certified record includes a transcript from this hearing. **See** N.T., PCRA Evidentiary Hearing, 3/22/16.

[3] The PCRA court did not order Klinger to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b).

when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1200 (Pa.Super. 2018) (quoting *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013)).

We presume counsel was effective. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013). A defendant claiming ineffectiveness therefore bears the burden of pleading and proving all of the following:

(1)   The underlying claim has arguable merit;

(2)   No reasonable basis existed for counsel's actions or failure to act; and

(3)   Petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). Failing to satisfy any prong requires that we reject the claim. *See Commonwealth v. Daniels*, 963 A.2d 409,419 (Pa. 2009).

Klinger claims that plea counsel's alleged ineffectiveness caused him to enter into a plea unknowingly because the factual basis was inadequate; the colloquy was deficient; and he was not informed of any defenses he may have had at trial.

"The purpose of a guilty plea colloquy is to ensure that a guilty plea is being knowingly, voluntarily, and understandingly tendered by the defendant." *Commonwealth v. Miller*, 639 A.2d 815, 820 (Pa.Super. 1994). A lawful guilty plea colloquy should cover the following areas:" (1) the nature of the charges; (2) the factual basis of the plea in regards to his third-degree

- 3 -

murder conviction; (3) the right to a jury trial; (4) the presumption of innocence; (5) the sentencing ranges; and (6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa.Super. 2015). Here, the guilty plea colloquy, both written and oral, satisfies all the above.

Klinger, along with his trial counsel, signed a seven-page, written guilty plea colloquy that covered all of the above factors except the factual basis of the guilty plea. He therefore cannot now claim he was unaware of those factors. The factual basis for the plea was placed on the record during the plea colloquy and Klinger agreed to those facts, including:

> Under Docket 548 of 2013, on December 4, 2012, officers from Manheim Borough Police Department were dispatched to a one-vehicle crash with two occupants in the area of Route 283 West and also west of Strickler Road. Initial investigation revealed that a black 1986 Toyota Celica was traveling west when it crashed into a guardrail. The vehicle was being operated by [Klinger], and occupied by the victim, [S.H.], who was seated in the front passenger seat. First responders and paramedics observed [Klinger] in a seated position outside of the vehicle and on top of the victim, who was face down. [Klinger] had been seat-belted and not ejected from the vehicle. Crash reconstruction was completed and it was determined that [Klinger] had been traveling at a speed of 114 miles per hour when he left the roadway, traveled in excess of 450 feet before striking the end of a guardrail, coming to rest. There were no signs of breaking prior to impact. . . . Investigation also revealed [Klinger] and victim had been in an on again/off again relationship for approximately two years in which the victim was controlled by [Klinger], isolated from her friends and family, and psychologically abused. . . . Witnesses stated on one occasion [Klinger] pushed the victim down a set of stairs and pushed her in[to] a wall, [and] became physically abusive when they would have arguments. Another individual interviewed stated she did visit [Klinger] after the crash and [Klinger] stated to her, at least now you don't have to worry about

- 4 -

her getting in between me and you. On the date of the crash, [Klinger] had several pending charges against him involving the victim. One specific charge involved [Klinger] having allegedly run over the victim's foot with his vehicle. On December 4th of 2012, same date as the crash, Dr. Ross, Lancaster County forensic pathologist, performed an autopsy of the victim. Dr. Ross did rule that [S.H.] died from multiple traumatic injuries and asphyxia and her manner of death as homicide.

N.T., Guilty Plea Hearing, 8/29/24, at 16-18. Klinger admitted that the facts were correct and took responsibility, stating, "I accept full responsibility for the loss of a very special person. There are no words that can right the wrong or fill the void that my reckless, careless, irresponsible actions have cause. I want you to know that everything – I am – all my heart, I am sorry. For all of you, I am really sorry." N.T., Guilty Plea at 21. Klinger is bound by the statements he expressed during his guilty colloquy and he cannot "assert grounds . . . that contradict statements made when he entered the plea." **Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa.Super. 2017).

Klinger also acknowledged during the colloquy that counsel went over the form and that counsel answered any questions he had regarding the colloquy. **Id.** at 7-8. He affirmed to the court that plea counsel reviewed with him the charges, facts, evidence, and discovery; the elements the Commonwealth would need to establish in order to prove each charge; and the sentencing guidelines. **Id.** at 14-15. The court reiterated the maximum sentence and fine for each offense and inquired as to whether counsel reviewed the same with Klinger. **Id.** at 5-7. Klinger again affirmed. **Id.** at 7. The trial court also reiterated Klinger's appellate rights; his right to a jury trial;

the nature of the charges; the sentencing ranges; and the discretion the trial court had to deviate from any recommended sentence. *Id.* at 10-15.

Here, the PCRA court concluded that the factual basis for the plea and the colloquy were sufficient. The record supports this finding and we conclude that it did not err or abuse its discretion. *See Commonwealth v. Chumley*, 394 A.2d 4997, 502-03 (Pa. 1978) (holding factual basis adequate where defendant made statements affirming his guilt and also did not make statements during colloquy that he was innocent or had another defense). Any ineffectiveness claim based on an allegedly deficient plea colloquy thus fails.

The PCRA court was also unpersuaded by Klinger's claim that trial counsel was ineffective for "fail[ing] to determine whether there was a defense" to explain the damage to the vehicle he was driving that resulted in the victim's death. Klinger's Br. at 33. He argues that the testimony of the defense accident reconstructionist presented at the PCRA hearing "offer[ed] a valid method to transform these allegations from intentional crash to tragedy." *Id.* at 34.

Here, the PCRA court made credibility determinations and those findings bind us. *See Goodmond*, 190 A.3d at 1200. Relevant to this appeal, trial counsel testified that he spoke with defense experts in the course of his investigation of the case and had an expert draft a report to counter the claim of the Commonwealth's expert. N.T. Evidentiary Hearing, 3/22/16, at 98-100. However, he concluded that it did not provide the strongest defense:

Q [PCRA defense counsel]: Did you believe that [the defense reconstructionist report] presented a complete defense to Sergeant Jones' report?

A [plea counsel]: Well, that's part of the problem that, yes, that would have been helpful, but not, it did not provide a complete defense. It wasn't a complete story about exactly what happened. Of course it's not the defendant's burden to prove something beyond a reasonable doubt, but you want to be sure and certain about feeling good about trying to get a result in trial, in my experience, it's best to come up with some kind of simple story of innocence that you feel confident in trying to persuade the jury on, one way or the other. Just throwing out a factual scenario, the car went off the road for whatever reason and the person may have been trying to get back on the roadway muddies the waters a little bit for the Commonwealth, and certainly had there been a trial, certainly that is something we would have done, but it wasn't necessarily – again, it wasn't something that – it wasn't enough to really be confident in trying to steer the outcome in a favorable direction for [Klinger].

*Id.* at 101-02.

Following all of the testimony, the court found plea counsel's testimony credible but was left questioning the veracity of Klinger's testimony. *See* PCO at 15, 18. It concluded:

[T]he evidence supports a finding that [p]lea [c]ounsel fully understood the instant matter, and was willing and able to advocate for [Klinger]. This is initially evidenced by the pretrial proceedings, and further supported by the record of both the Plea Hearing and the PCRA Hearing.

PCO at 14 (footnotes omitted). It also credited plea counsel's testimony that "he reviewed, processed, discussed and shared all discovery with [Klinger], noting that they went through the entire case together." *Id.* at 19. The PCRA court did not abuse its discretion in denying this ineffectiveness claim.

Klinger also claims that plea counsel was ineffective for "investigat[ing] nothing beyond the discovery presented by the Commonwealth." Klinger's Br. at 35. As previously stated, the court found as a fact that plea counsel thoroughly investigated the case. This claim fails. **See** PCO at 19.

Klinger also maintains that plea counsel incorrectly "missed the legal argument against third[-]degree murder being a possibility at all," by concluding that the case against Klinger "was a case between first and third degree murder." Klinger's Br. at 34. In his opinion, his case was between "first-degree murder and involuntary manslaughter" and "no facts exist which would have made it a third[-]degree murder case." **Id.** at 35 (citing **Commonwealth v. McHale**, 858 A.2d 1209, 1214). Thus, because of the above allegations, he claims that he entered his plea unknowingly. This claim is meritless.

Notably, Klinger acknowledged during his plea colloquy that counsel informed of the possibility that at trial he could be found guilty of first-degree or third-degree murder, or voluntary or involuntary manslaughter:

> The Court: With respect to the charge of criminal homicide, has [plea counsel] explained to you that a verdict of homicide can take the form of murder in the first degree, murder in the third degree, or if the circumstances and facts are appropriate, a jury can come back with a lesser finding of voluntary or involuntary manslaughter? Did he go over those with you and explain them to you?
>
> Klinger: He did, Your Honor.

N.T., Guilty Plea at 15. Klinger is bound by the above statements, which show that he was in fact aware of the lesser charges he could have been convicted of and still chose to plead guilty to third[-]degree murder, thereby making his plea knowing. *See Orlando*, 156 A.3d at 1281. Additionally, while the Court in *McHale* observed that "motor vehicle crashes seldom give rise to proof of the malice needed to sustain a conviction for third degree murder or aggravated assault," it did not hold that it was impossible for a motor vehicle crash to sustain a conviction for third-degree murder. *McHale*, 858 A.2d at 1214. The 404(b) evidence reviewed in the factual basis paired with the circumstances surrounding the victim's death was enough to establish third-degree murder. The PCRA court did not err or abuse its discretion in dismissing this claim.

Finally, Klinger maintains that the trial court erred in finding trial counsel's testimony credible. As previously stated, we are bound by the court's credibility determinations as long as they are supported by the record. *See Goodmond*, 190 A.3d at 1200; *see also Commonwealth v. Philistin*, 53 A.3d 1, 25 (Pa. 2012) (concluding "PCRA court's credibility findings are to be accorded great deference"). The record here supports the PCRA court's credibility findings. We therefore affirm the denial of Klinger's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019