J-S82024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LAMARUS MONROE :
:
Appellant : No. 1114 EDA 2018

Appeal from the PCRA Order March 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005442-2007

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 28, 2019**

Appellant, Lamarus Monroe, appeals from the order entered on March 16, 2018, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On July 30, 2009, a jury convicted Appellant of second-degree murder, robbery, possession of an instrument of crime, and carrying a firearm without a license.[1]  The trial court sentenced Appellant to an aggregate term of life imprisonment.  We affirmed Appellant's judgment of sentence in an unpublished memorandum on November 5, 2010.  ***See Commonwealth v. Monroe***, 22 A.3d 1058 (Pa. Super. 2010) (unpublished memorandum).  Our

---

[1]   18 Pa.C.S.A. §§ 2502(b), 3701, 907, and 6106, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

Supreme Court denied further review. *See Commonwealth v. Monroe*, 20 A.3d 1210 (Pa. 2011).

On July 22, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed current PCRA counsel to represent Appellant on February 3, 2016. Counsel filed an amended PCRA petition on June 1, 2017.[2] On January 19, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On March 16, 2018, the PCRA court denied Appellant relief. This timely appeal resulted.[3]

On appeal, Appellant presents the following issue for our review:

1. Did the Honorable PCRA [c]ourt err when it dismissed [Appellant's PCRA] [p]etition without a hearing, and all where

---

[2] It is not entirely clear from our review of the record why there was an almost six-year gap between the original and amended PCRA filings. It does appear, however, that the judge who originally heard the case retired and the case was reassigned.

[3] Appellant filed a timely notice of appeal on April 16, 2018. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *see also* 1 Pa.C.S.A. § 1908 (omitting weekends from statutory computation of time if the last day falls on a weekend). On April 18, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 8, 2018. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 28, 2018. Moreover, we note that on September 27, 2018, the Commonwealth filed a notice pursuant to Pennsylvania Rule of Professional Conduct 1.12(c)(2) to inform this Court and Appellant that the First Assistant District Attorney in Philadelphia had previously participated as a judge in this matter and that she disqualified and screened herself from any participation in this matter. Appellant did not respond to this notice.

[Appellant] properly pled, and would have been able to prove, that he was entitled to relief?

Appellant's Brief at 3.

While Appellant presents a sole question for our review, his current claim involves two distinct issues. First, Appellant claims that trial counsel was ineffective for failing to advance a sufficiency of evidence challenge on direct appeal. Appellant's Brief at 8-11. Appellant argues that, on direct appeal, this Court found Appellant's sufficiency of the evidence claim waived and, thus, undecided on the merits. *Id.* at 9. Thus, he contends that under the PCRA, his sufficiency claim "cannot be considered to have been finally litigated." *Id.* Appellant claims that trial counsel was ineffective because "there is reasonable doubt as to whether a robbery was occurring" in order to support his conviction for second-degree murder.[4] *Id.* at 10-11. Appellant argues there was no announcement of a robbery and there was no evidence that property was taken forcefully from the victim. *Id.* at 10. Thus, Appellant avers that he "did not shoot the victim in furtherance of a felony but rather in furtherance of protecting his life." *Id.* at 11. He maintains that he is not currently arguing that he acted in self-defense; rather, he claims that it cannot be "logically [] concluded that [Appellant] was acting in the course of a felony when he shot in response to the victim's gun play[.]" *Id.* at 11.

---

[4] Appellant has not challenged trial counsel's advocacy with regard to possession of an instrument of crime or carrying a firearm without a license. Thus, we confine our review to Appellant's convictions for second-degree murder and robbery.

Initially, we note that on direct appeal a prior panel of this Court determined that Appellant waived his sufficiency challenge and, alternatively, found it was otherwise without merit. The prior panel based its decision upon the fact that Appellant presented a different basis for relief in his concise statement pursuant to Pa.R.A.P. 1925(b) than he presented on appeal. In his Rule 1925(b) statement on direct appeal, similar to his current PCRA issue, Appellant claimed the evidence was insufficient to support a finding that the murder occurred during the commission of a robbery. Before this Court, however, he argued insufficient evidence based upon witness inconsistencies. Thus, we found waiver. However, we also found the issue as set forth in the Rule 1925(b) concise statement to be without merit. **See Commonwealth v. Monroe**, 22 A.3d 1058 (Pa. Super. 2010) (unpublished memorandum) at *7, n.2. "Where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of *obiter dictum*." **Commonwealth v. Aikens**, 990 A.2d 1181, 1184 (Pa. Super. 2010) (citation omitted). An alternative holding also becomes the law of the case. **Id.** Here, our Court's prior decision found one version of Appellant's sufficiency claim waived and alternatively examined, and rejected, the merits of the sufficiency issue Appellant currently advances under the guise of trial counsel ineffectiveness.

Our standard of review is well-settled:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however,

- 4 -

we apply a *de novo* standard of review to the PCRA court's legal conclusions.

In order to obtain relief on an ineffectiveness claim, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1200 (Pa. Super. 2018) (internal citations and quotations omitted).

As a general rule, in order to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). However, our Supreme Court has also determined:

> Collateral claims of trial counsel ineffectiveness deriving from an underlying claim of error that was litigated on direct appeal cannot automatically be dismissed as "previously litigated." Rather, Sixth Amendment claims challenging counsel's conduct at trial are

analytically distinct from the foregone claim of trial court error from which they often derive, and must be analyzed as such.

***Commonwealth v. Puksar***, 951 A.2d 267, 274 (Pa. 2008) (citations omitted).

Viewing the evidence in the light most favorable to the verdict winner, we examine whether there was sufficient evidence to enable the fact-finder to find every element of each crime beyond a reasonable doubt. ***Commonwealth v. Brown***, 23 A.3d 544, 559 (Pa. Super. 2011) (*en banc*) (citation omitted). Moreover, reviewing courts

> may not weigh the evidence and substitute [] judgment for [that of] the fact-finder. In addition, [] the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Id.*** at 559-560.

A person is guilty of robbery if, in the course of committing a theft, he inflicts serious bodily injury upon another. ***See*** 18 Pa.C.S.A. § 3701(a)(1)(i). "An act shall be deemed 'in the course of committing a theft' if it occurs **in an attempt to commit theft** or in flight after the attempt or commission." 18 Pa.C.S.A. § 3701(2) (emphasis added).

"A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). Perpetration of a felony is defined as "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or **an attempt to commit**, or flight after committing, or **attempting to commit robbery**, rape, or deviate sexual intercourse **by** force or **threat of force**, arson, burglary or kidnapping." 18 Pa.C.S.A. § 2502(d) (emphasis added).

On direct appeal, the trial court found there was sufficient evidence to support Appellant's robbery conviction, which in turn, supported his second-degree murder conviction, as the murder was committed during the commission of a felony. The facts at trial reveal that Appellant and another man talked about robbing the victim when they saw him counting money on the street. They followed the victim into a store and when all three men reemerged, Appellant approached the victim from behind and pushed a firearm into his back. When the victim turned quickly, Appellant shot him.[5] An eyewitness testified at trial to this version of events. Moreover, when police arrested Appellant, he had a firearm in his possession. Appellant

---

[5] We outright reject Appellant's suggestion that because there was no robbery announced and there was no evidence that items were removed by force from the victim, there was insufficient evidence of a robbery. Here, there was evidence that Appellant discussed robbing the victim prior to holding a gun to his back and shooting and killing him. This was sufficient to support a finding that Appellant was engaged in the commission of a theft when he inflicted serious bodily injury that ultimately resulted in the victim's death.

admitted to police that he shot the victim, but claimed that was not his intention and that he simply reacted to the victim's sudden movements. Police recovered two fired bullet cartridge casings from the scene and ballistics testing revealed that they were fired from the gun recovered from Appellant. Police did not find a wallet or money on the victim's person. The trial court found that this evidence was sufficient to support Appellant's convictions. On direct appeal, we found the sufficiency issue waived, but otherwise without merit. Thus, the issue was previously litigated on direct appeal.

However, we are mindful that we must analyze the sufficiency claim under the ineffective assistance of counsel rubric. We similarly conclude that Appellant's current collateral claim lacks merit. Because there was sufficient evidence showing Appellant shot and killed the victim during the commission of a robbery, we agree with the PCRA court that Appellant's "sufficiency of the evidence claim, even if it had been properly presented on appeal, would have been rejected on the merits" and, thus, Appellant "could not have been prejudiced by [] counsel's error." PCRA Court Opinion, 6/28/2018, at 6. As such, Appellant's first appellate sub-issue fails.

Next, Appellant posits, "[p]rior counsel was also ineffective where counsel failed to raise and brief the issue of the weight of the evidence and where that issue was a meritorious issue." Appellant's Brief at 11. Appellant bases this claim on the same argument he advanced regarding the sufficiency of the evidence, namely that there was no evidence of a robbery. *Id.* at 12-13. Appellant claims he "is entitled to a new trial as the verdict in this matter

does shock one's sense of justice making the award of a new trial imperative."

***Id.*** at 11-12.

This Court has previously determined:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Thomas***, 194 A.3d 159, 167–168 (Pa. Super. 2018)

(citation and original emphasis omitted).

In this case, the PCRA court concluded that the evidence established that Appellant "shot and killed [the victim] while in the course of robbing him." PCRA Court Opinion, 6/28/2018, at 8. Accordingly, the PCRA court stated that

> any motion before the trial court for a new trial based upon the weight of the evidence would have been properly denied. For that reason, [Appellant] could not have been prejudiced by counsel's failure to make such a motion.

*Id.* at 8-9. Moreover, the PCRA court found that, because the underlying weight claim lacked merit, counsel could not have rendered ineffective assistance for failing to raise or preserve a weight issue. *Id.* at 9.

Upon review, we agree with the PCRA court's assessment regarding Appellant's ineffective assistance of counsel claims. Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to permit the jury to determine that Appellant killed the victim during the commission of an armed robbery. The jury was permitted to believe all, part, or none of the evidence presented and we may not usurp the jury's findings. Appellant's sufficiency challenge lacks arguable merit. For related reasons, we conclude that the jury's verdict was simply not so contrary to the evidence as to shock one's sense of justice. As such, trial counsel could not be deemed ineffective for failing to challenge the weight of the evidence. Hence, Appellant's second sub-issue fails. Accordingly, for all of the reasons set forth above, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/28/19</u>