J-S33008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARDO BAUTISTA | : | |
| | : | |
| Appellant | : | No. 445 EDA 2018 |

Appeal from the Judgment of Sentence November 16, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011329-2012,
CP-51-CR-0011330-2012

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED AUGUST 05, 2020**

Appellant, Leonardo Bautista, appeals from the November 16, 2016 Judgment of Sentence entered following his conviction for two counts each of Unlawful Contact with a Minor, Corruption of Minors, and Indecent Assault.[1] Appellant contends that the trial court erred in limiting the scope of his proposed character witness' testimony. After careful review, we affirm.

We derive the following factual and procedural history from the trial court Opinion and certified record. From 2010 to 2012, Appellant sexually abused two minor sisters with whom he lived. On October 20, 2015, during Appellant's trial, the court held a proffer hearing to determine the proper scope of the testimony of defense witness, Maria Isabel Hernandez, about

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i), and 3126(a)(7), respectively.

Appellant's character in the community as being a chaste and nonviolent person. Ms. Hernandez described Appellant as a "good person" and as being "very kind, very attentive, very respectful with many children always and with all the people." N.T. Hearing, 10/20/15, at 11-12. The court permitted Ms. Hernandez to testify to Appellant's character for being a nonviolent, peaceful, and helpful person, but not his community reputation for being chaste. N.T. Trial, 10/20/15, at 21-22.

On October 21, 2015, a jury found Appellant guilty of the above crimes,[2] and, following a hearing, the court determined Appellant to be a sexually violent predator and sentenced him to an aggregate term of 8 to 16 years' incarceration.

On February 7, 2018, the trial court granted Appellant's PCRA Petition to reinstate his appellate rights *nunc pro tunc*, after which Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one issue on appeal:

_____

[2] In addition, the jury found Appellant not guilty of Criminal Solicitation, Criminal Attempt, Involuntary Deviate Sexual Intercourse—Forcible Compulsion, and Sexual Assault. 18 Pa.C.S. §§ 902(a), 901(a), 3123(a)(1), 3124.1, respectively. The prosecution *nolle prossed* two counts of Indecent Exposure and one count each of Rape—Forcible Compulsion and Aggravated Indecent Assault Without Consent. 18 Pa.C.S. §§ 3127(a), 3121(a)(1), 3125(a)(1), respectively. The trial court granted Appellant's Motion for Judgment of Acquittal as to one count of Aggravated Indecent Assault Without Consent. 18 Pa.C.S. § 3125(a)(1).

Did not the trial court err when it refused to permit testimony of proper character evidence of Appellant's reputation for chastity in the community for admission in Appellant's jury trial for sexual offenses involving two juvenile complainants?

Appellant's Br. at 3.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Radecki*, 180 A.3d 441, 451 (Pa. Super. 2018) (citation omitted).

Pennsylvania Rule of Evidence 404 proscribes the admission of character evidence to show that an individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a)(1). Subsection (a)(2)(A) provides an exception that allows a criminal defendant to offer evidence of their pertinent character traits. Pa.R.E. 404(a)(2)(A). Character evidence "must be limited to [the defendant's] general reputation for the particular trait or traits of character involved in the commission of the crime charged . . . established by testimony of witnesses as to the community opinion of the individual[.]" *Commonwealth v. Goodmond*, 190 A.3d 1197, 1201-02 (Pa. Super. 2018) (citation and emphasis omitted).

The trial court explained its rationale for limiting Ms. Hernandez's character testimony at trial, stating that her proffered testimony lacked a sufficient foundation that she had knowledge of "[Appellant's] alleged reputation for chastity and being sexually appropriate around children." Trial Ct. Op., 9/16/19, at 3. The court further explained that because Ms. Hernandez "only mentioned [Appellant's] reputation as peaceful and respectful around children not [Appellant's] alleged chaste pertinent trait[,]. . . this [c]ourt determined that the exception provided under Pa.R.E. 404(a)(2)(A), was not satisfied as the offered testimony by the [Ms. Hernandez] did not relate to his reputation for chastity." *Id.* at 5.

Upon review, we discern no abuse of discretion in the trial court's decision to limit the scope of Ms. Hernandez's testimony regarding Appellant's character. The trial court properly found that Ms. Hernandez lacked sufficient knowledge to testify about Appellant's reputation for chastity. Nothing in the record indicates that the court misapplied or overrode the law, or that it exercised manifestly unreasonable judgment, partiality, prejudice, bias, or ill-will.

Judgment of Sentence Affirmed.

- 5 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *8/5/2020*