J-S02037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON K. LUTEY | : | |
| | : | |
| Appellant | : | No. 3050 EDA 2024 |

Appeal from the PCRA Order Entered October 17, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005855-2018

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 2, 2026**

Appellant, Jason K. Lutey, appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545. Appellant claims that the PCRA court erred in dismissing his petition as untimely filed. After careful review, we affirm the order denying PCRA relief.

The PCRA court explained the history of Appellant's case as follows:

> This matter concerns a Post-Conviction Collateral Relief Act (hereinafter PCRA) petition filed by [Appellant], relating to his 2019 conviction upon pleading guilty to the fatal beating of Colleen Patterson (hereinafter "Ms. Patterson"). At the time of her death on September 7, 2018, Ms. Patterson had been in a relationship with Appellant. [Appellant] entered his guilty plea on July 23, 2019 to one count of Criminal Homicide,[1] graded as Murder of the Third Degree; one count of Possession of an Instrument of Crime[2]; one count of Abuse of Corpse[3]; one count of Tampering with Physical Evidence[4]; and one count of Disorderly Conduct.[5] The [c]ourt imposed the negotiated aggregate sentence of not less than twenty-five (25) years nor more than fifty (50) years of incarceration.

[1] 18 Pa.C.S.[] § 2501(a).

[2] 18 Pa.C.S.[] § 907(a).

[3] 18 Pa.C.S.[] § 5510.

[4] 18 Pa.C.S.[] § 4910(1).

[5] 18 Pa.C.S.[] § 5503(a)(2).

Trial Court Opinion (TCO), 6/23/25, at 1.  Appellant was sentenced on July 23, 2019.  Appellant filed neither post-sentence motions nor a direct appeal from his judgment of sentence.

On May 28, 2024, Appellant wrote a letter to the trial court asking about the application of time credit to his sentence.  In response, the PCRA court appointed the local Public Defender's Office to represent Appellant, recognizing that the time credit issue may be appropriately deemed a PCRA claim.  However, because that office had represented Appellant at his trial and sentencing hearings, the court removed the appointment of the Public Defender's Office and instead appointed private counsel, Patrick McMenamin, Esquire, to amend the petition.  Attorney McMenamin filed a no merit letter under *Commonwealth v. Turner*, 544 A.2d 827 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 231 (Pa. Super. 1988) (*en banc*), along with a petition to withdraw due to the petition being untimely, on September 3, 2024.  In response to the *Turner/Finley* letter, the PCRA court issued a Notice of Intent to Dismiss the petition under Pa.R.Crim.P. 907, giving Appellant an opportunity to respond.  Appellant did not file a response, and, on October 17, 2024, the court denied the request for PCRA relief and granted counsel's petition to withdraw.

- 2 -

The PCRA court addressed whether Appellant had provided an exception to the timeliness requirements of the PCRA as follows:

> Appellant filed his *pro se* Petition for Time Credit on May 28, 2024, nearly five years after his judgment of sentence became final. Without a doubt, then, Appellant's petition was untimely filed, depriving this [c]ourt of any opportunity to rule on its merits, due to lack of jurisdiction. Additionally, there can be no doubt that none of the three aforementioned statutory exceptions to the PCRA petition time bar apply here. Appellant has not and cannot fairly assert that his failure to timely raise his time credit claim was the result of unlawful interference by governmental officials, he has not and cannot fairly assert that the facts regarding lack of time credit awarded at his sentencing hearing on July 23, 2019 were unknown to him or could not have been ascertained by [the] exercise of due diligence, nor can Appellant fairly claim that any asserted time credit rights were retroactively found to be constitutionally based as recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania subsequent to August 22, 2020, the one year post-final judgment of sentence deadline in this case for the filing of a timely PCRA petition.

TCO at 8.

Appellant filed a timely notice of appeal on November 1, 2024. The PCRA court then filed an order requiring Appellant to file a concise statement of errors complained of on appeal, which he apparently mailed directly to the trial court rather than the clerk of courts for filing.[1] The PCRA court filed a

---

[1] We note that the failure to strictly comply with the dictates of Pa.R.A.P. 1925(b) by failing to file the statement of errors with the clerk of courts would typically result in an automatic waiver of issues raised on appeal, even if the trial court had received a copy of the non-filed statement. ***Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006). Due to our disposition regarding the untimeliness of his PCRA petition, however, we will not find waiver on this basis.

responsive opinion on June 23, 2025, addressing the following issues reproduced from Appellant's statement of errors:

> (a) the court committed an error of law, to-wit [Appellant's] guilty plea is invalid due to his mental health condition at the time the plea was tendered; and
>
> (b) the court committed an error of law, to-wit [Appellant's] guilty plea is invalid due to the court did not give credit for time served. 42 Pa.C.S. § 9760(1).

TCO at 4.

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). In conducting our review,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Pointer*, ___ A.3d ___, 2025 WL 3456222, at *8 (Pa. Super. filed Dec. 2, 2025).

Before we consider the merits of the claims raised in Appellant's current appeal, however, we must first determine if his petition was timely filed.

> The timeliness of a PCRA petition is a jurisdictional requisite. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear [that] **no court** has jurisdiction to hear an untimely PCRA petition. The

- 4 -

> PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (cleaned up) (emphasis in original).

Appellant was sentenced on July 23, 2019, and did not appeal his conviction. Thus, his judgment of sentence became final at the expiration of the thirty-day period for seeking this review in the Superior Court, or on August 22, 2019. Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence"); *Commonwealth v. Smith*, 310 A.3d 94, 103 (Pa. 2024) (holding that, for PCRA purposes, the appellant's judgment of sentence becomes final when the time expires for seeking direct review of a judgment of sentence). Accordingly, Appellant had one year from the date in which his sentence became final, or until August 22, 2020, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Appellant's PCRA petition was docketed on May 28, 2024, making it patently untimely.

The PCRA provides three exceptions to the timeliness requirement:

> Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the Appellant must allege and prove at least one of the three timeliness exceptions.

See 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The Appellant must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA petitioner bears the burden to allege and prove that one of the timeliness exceptions applies to their case. *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Moreover, any petition invoking a timeliness exception under this section "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant never directly asserts any exception to the timeliness requirement for his petition. Instead, he generally argues that he has a history of mental illness which should excuse his untimeliness. Giving a generous reading to the *pro se* brief, Appellant appears to be claiming that he

is entitled to the timeliness exception recognized in *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004).[2]

In *Cruz*, our Supreme Court crafted a narrow exception to the general rule in a case where a PCRA petitioner's mental incompetence may have prevented him from filing a timely PCRA petition. The appellant in *Cruz* shot and killed a number of victims before shooting himself in the head in an attempted suicide. He survived, but sustained a severe brain injury that left him essentially lobotomized, unable to express emotion or discuss the facts of his case. *Id.* at 288. Cruz ultimately pleaded *nolo contendere* to three counts of second-degree murder. Six years later, Cruz filed a PCRA petition alleging his brain injury had rendered him incompetent and incapable of exercising his PCRA rights earlier. *Id.* at 290. After review, our Supreme Court agreed with Cruz that, in light of the unique nature of his claims sounding in incompetence

---

[2] Notably, Appellant's *pro se* Brief to this Court does not conform to our Appellate Rules of Procedure. Under Rule 2111, a brief "shall consist" of certain distinct matters, including statements of the scope and standard of review, the questions involved, statement of the case, summary of the argument, argument, and a short conclusion. Pa.R.A.P. 2111. None of these sections is apparent in Appellant's brief. Further, the argument section in an appellate brief must be "divided into as many parts as there are questions to be argued" containing "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119. Appellant's brief at points reads like a novel, with Appellant explaining his relationship with the decedent and his mental health struggles. In other parts, Appellant seems to repeat whole pages of text from appellate cases without clear citation or analysis indicating the relevance of these cases to his own situation. This Court cannot act as Appellant's counsel and will not develop his legal arguments for him. *Commonwealth v. Goodmond*, 190 A.3d 1197, 1201 (Pa. Super. 2018).

due to his injury, he should be permitted the opportunity to attempt to prove to the lower court that he was incompetent at the relevant times and that his incompetence should qualify as an exception to the PCRA time-bar for newly-discovered facts. *Id.* at 297. The Court then remanded the case for additional proceedings.

Pennsylvania courts have narrowly construed the limited holding in *Cruz*. *See, e.g., Commonwealth v. Ali*, 86 A.3d 173 (Pa. 2014) (concluding that petitioner did not meet newly-discovered fact exception concerning his second PCRA petition because he failed to prove he was mentally incompetent during the statutory period; further, because appellant filed a timely first PCRA petition and subsequent amendments after his judgment of sentence became final, his claim of being unable to ascertain the facts necessary for issues raised in second PCRA petition is simply incongruous); *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010) (holding appellant did not satisfy newly-discovered fact exception where he failed to exercise due diligence in ascertaining his PTSD diagnosis; additionally, appellant did not allege his PTSD impaired his ability to raise claim in timely manner; thus, appellant's PTSD diagnosis did not fall within narrow *Cruz* holding); *Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa. Super. 2006) (holding appellant's assertion of chronic mental illness did not satisfy newly-discovered fact exception; appellant's inability to offer evidence pointing to moment when he passed from incompetence to competence distinguished his case from *Cruz*; further, appellant made no assertions, and nothing in record indicated, that appellant's

condition was one that improved or changed and restored him to degree of competence required to file PCRA petition). Thus, the general rule is that "[b]road claims of mental illness do not satisfy a statutory exception to the PCRA time-bar." **Commonwealth v. Shaw**, 217 A.3d 265, 270 (Pa. Super. 2019).

Here, Appellant has provided no medical documentation of his claimed mental health issues at the time of his plea, and no evidence of how any medical condition precluded him from filing a timely PCRA petition. Further, Appellant has not provided evidence of how or when his condition changed such that he became sufficiently competent to proceed. Appellant's position is thus dissimilar from the "very limited circumstances" found in **Cruz**.

We therefore agree with the PCRA court's conclusion that the petition is untimely and not subject to any exception. In fact, the record in this case establishes that Appellant's mental health situation was discussed in depth at his guilty plea hearing. **See** N.T., 7/23/19 at 40-51.[3] Appellant never claimed prior to his plea that he was incompetent; in fact, he stated at his plea hearing that he understood the proceedings, his charges, and the sentences he could

_____

[3] During his plea hearing, the court heard about Appellant's military history, including the multiple concussions he endured as a paratrooper and how he survived a sniper attack at Fort Bragg in 1995; how Appellant was deemed 100% disabled by the Veteran's Administration by 2011; Appellant's mental health situation at the time of his arrest and how he initially had been placed on a suicide watch in the jail but that, with his detoxification from benzodiazepines and the addition of antipsychotic and antidepressant medication, Appellant had improved and was, at the time of the plea, able understand his situation and legal proceedings.

- 9 -

receive. *Id.* at 5, 7, 10, 18, and 22. Appellant's counsel stated at his plea hearing that they had decided not to pursue an insanity defense. *Id.* at 40. Thus, in addition to the inapplicability of *Cruz*, the existence of Appellant's mental challenges was known at the time of the plea and cannot qualify as a "newly discovered fact" for purposes of the timeliness exception. *See, e.g., Commonwealth v. Pagan*, 864 A.2d 1231 (Pa. Super. 2004) (the newly discovered fact exception cannot apply to a petitioner's claims of mental incapacity when he knew of his diagnosis four years prior to filing his PCRA petition). As Appellant was aware of his PTSD and other mental health challenges years prior to his conviction, this is not a "new fact" as required by 42 Pa.C.S. § 9545(b)(1)(ii).

Because Appellant's petition is untimely without any exception, we conclude that the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2026

- 10 -