J-S27026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELVIN WILLIAMS AKA RASHAD WILLIAMS | : | |
| | : | No. 2701 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004645-2015

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED SEPTEMBER 14, 2020**

Melvin Williams, also known as Rashad Williams, appeals, *pro se*, from the order dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA).  On appeal, he contends: (1) the PCRA court erred in dismissing his petition without an evidentiary hearing; and (2) his PCRA petition is not time barred because of newly discovered facts, pursuant to the holdings in ***Riley v. California***, 573 U.S. 373 (2014), and ***Commonwealth v. Fulton***, 179 A.3d 475 (Pa. 2018).[2]  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.§§ 9541-9546.

[2] ***Fulton***, 179 A.3d 475, applied the holding of ***Riley***, 573 U.S. 373, and held warrantless searches of cell phones violate the Fourth Amendment to the U.S. Constitution and Article I, Section 8 of the Pennsylvania Constitution.  ***Fulton***, 179 A.3d at 478.

The relevant factual and procedural history is set forth as follows. In April 2015, Appellant's daughter reported that beginning in December 2014, Appellant would take her to two separate locations in Upper Darby, Pennsylvania. At these locations, Appellant would order her to disrobe and expose her vagina. Appellant then photographed his daughter in various indecent positions. Afterwards, Appellant penetrated his daughter's vagina with his fingers, tongue, and penis. Images discovered by Upper Darby detectives on his cell-phone corroborate the daughter's report.

On December 28, 2015, Appellant entered into a negotiated guilty plea to involuntary deviate sexual intercourse with a child (IDSI), incest of a minor, and sexual abuse of children.[3]

On May 11, 2016, the trial court sentenced Appellant to an aggregate term of 96 to 240 months' incarceration, to be followed by 20 years' probation.[4] The affidavit of probable cause, attached to the criminal complaint, served as the factual basis for the plea. At the same hearing, the trial court also determined Appellant was a sexually violent predator (SVP), as well as a Tier III offender,[5] and ordered him to comply with registration and

---

[3] 18 Pa.C.S. §§ 3123(b), 4302(b), 6312.

[4] The court imposed 96 to 240 months' incarceration for IDSI, to be followed by consecutive terms of 10 years' probation for both sexual abuse of children and incest (for an aggregate term of 20 years' probation).

[5] *See* 42 Pa.C.S. § 9799.14(d)(4) (designating IDSI as a Tier III offense), 9799.15(a)(3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual.").

notification requirements pursuant to the then-in effect version of the Sexual Offender Registration and Notification Act (SORNA I).[6]

On May 19, 2016, Appellant filed a post-sentence motion challenging the validity of the plea, but subsequently withdrew that motion on June 30th. Appellant did not appeal from his judgment of sentence.

On June 28, 2017, Appellant filed his first, timely *pro se* PCRA petition. The PCRA court appointed counsel to represent him. On March 19, 2018, appointed counsel filed an amended PCRA petition, alleging the illegality of the sentence imposed because his SVP classification procedure was determined to be unconstitutional pursuant to *Muniz*.[7] After the Commonwealth replied, the PCRA court conducted a hearing on July 24, 2018. By agreement between the parties, the PCRA court filed an order the following day, July 25th, vacating Appellant's SVP classification. However, the PCRA court left undisturbed all remaining terms of his sentence. The PCRA court also explained that because Appellant pleaded guilty to IDSI, a Tier III offense

---

[6] SORNA I was enacted at 42 Pa.C.S. §§ 9799.10 to 9799.41. The current version of SORNA, "SORNA II," was enacted in 2018, in response to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and appears at 42 Pa. C.S. §§ 9799.10 through 9799.75.

[7] In *Muniz*, the Supreme Court of Pennsylvania held that the retroactive application of SORNA's registration and reporting requirements violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1223.

under SORNA, he was still subject to lifetime sexual offender registration. *See* Order, 7/25/18.

Appellant filed a *pro se* notice of appeal on August 2, 2018. However, this appeal was discontinued on September 18th upon Appellant's *pro se* motion to discontinue the appeal.[8]

On April 26, 2019, Appellant filed a second PCRA petition, entitled "Warrantless Search of Cellphone P.C.R.A." This petition seeks relief under the newly-discovered evidence exception of the PCRA, at 42 Pa.C.S. § 9545(b)(1)(ii), but, we note, did not specify what new "evidence" existed. Nevertheless, the petition relies on *Riley*, which Appellant summarizes to hold that a search of a cell phone requires a warrant, as well as *Fulton*, which, he states, held that "the act of turning on [a] phone constituted a search." Appellant's Warrantless Search of Cellphone P.C.R.A., 4/26/19, at 1, 5. Appellant then avers that because the police in this case searched his phone without a warrant, the evidence therefrom was illegally seized. Appellant thus requests relief in the form of "an evidentiary Hearing or another plea bargain." *Id.* at 6.

On June 20, 2019, the PCRA court filed a notice of intent to dismiss the petition without a hearing[9] pursuant to Pa.R.Crim.P. 907, and ordered

---

[8] *Commonwealth v. Williams*, 2377 EDA 2018 (order) (Pa. Super. Sept. 17, 2018).

[9] Although the face of the order states a date of June 18, 2019, the docket reflects June 20, 2019, as the date of entry.

- 4 -

Appellant to file an answer within 20 days. Appellant did not file any response.

On August 30, 2019, the PCRA court entered the underlying order dismissing

Appellant's second PCRA petition. It found the petition was untimely filed, and

that **Riley**, a new court decision, was not a "fact" under the newly-discovered

evidence exception. Appellant filed a timely *pro se* notice of appeal on

September 16, 2019.[10]

> Appellant presents four issues for our review:
>
> I. Whether the P.C.R.A. Court erred in denying [Appellant's] Motion for Post-Conviction Collateral Relief due to no genuine issue of fact[?]
>
> II. Whether the P.C.R.A. Court in failing to abide by **Commonwealth -v-Fulton**[, v]is -a- vis, **Riley -v- California** [a]nd vacate Appellant's illegal and unconstitutional search of his cell–phone[?]
>
> III. Whether the P.C.R.A. Court erred in denying Appellant's Motion for Allegedly Being Untimely[?]
>
> IV. Whether the application of **Fulton** -vis-a-vis **Riley**, resets Appellant's Direct Appeal Rights. (*Nunc Pro Tunc*) and allows a constitutional challenge to search of Appellant's cell-phone without a warrant[?]

Appellant's Brief at 5.

For ease of disposition, we will address Appellant's issues together, as

they are related. Appellant avers the PCRA court erred by dismissing his

second PCRA petition without a hearing. Appellant believes his petition is

---

[10] The PCRA court did not require Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 5 -

timely filed and overcomes the jurisdictional time bar because of the "newly discovered evidence" in **Fulton**, 179 A.3d 475, and **Riley**, 573 U.S. 373. Appellant's Brief at 10 (unpaginated). Appellant contends he is entitled to relief because "the lower court should have suppressed the evidence of the cell-phone," pursuant to **Fulton and Riley**. **Id.** at 8 (unpaginated). Appellant avers both cases, which exclude a warrantless search of a cell phone because it violates an individual's expectation of privacy, apply to his case because detectives searched his cell phone without a warrant. Appellant contends that he "made a *prima facie* case" when his arresting officers "turned on/powered up and forensically extracted" information from his cell-phone on May 28, 2015 without obtaining warrant approval until June 7, 2015. Appellant's "Reply Brief" at 3.[11] Appellant also argues his judgment of sentence became final on July 25, 2018, which we note was the date the prior PCRA court vacated Appellant's SVP classification. Appellant's Brief at 9-11 (unpaginated).

Our standard of review regarding the dismissal of a PCRA petition is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error.

---

[11] This "Reply Brief" was attached to Appellant's Brief in his "Appendix", but was not filed in this Court.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1200 (Pa. Super. 2018) (citation omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011).

> The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013).

In order to be considered timely filed, a PCRA petition, including a second or subsequent petition, must be filed within one year of when a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). If a defendant does not file a direct appeal, their judgment of sentence becomes final when the 30-day period for filing a direct appeal to this Court expires. *Commonwealth v. Ruiz*, 131 A.3d 54, 59 (Pa. Super. 2015); *see also* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). The Supreme Court of Pennsylvania has held that the PCRA's time

restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Nevertheless, an untimely PCRA petition can overcome the jurisdictional time-bar if the petitioner pleads and proves, *inter alia*, the statutory exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii):

> the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii). ***See Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (summarizing three PCRA timing exceptions: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right") (citation omitted). A petition invoking an exception to the time-bar must be filed within one year of the date that the claim could have been presented.[12] 42 Pa.C.S. § 9545(b)(2). "[S]ubsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa. Super. 2016).

Appellant's judgment of sentence became final on June 10, 2016, 30 days after the imposition of his sentence.[13] ***See*** 42 Pa.C.S. § 9545(b)(3);

---

[12] Section 9545(b)(2) was amended on October 24, 2018, to expand the time for filing a petition, that invokes an exception, from 60 days to one year. This amendment affects claims arising on or after December 24, 2017, and thus applies to the instant PCRA petition, filed on April 26, 2019.

[13] While the PCRA court found Appellant's judgment of sentence became final on June 30, 2016, PCRA Ct. Op., 9/30/19, at 3, we determine Appellant's

***Ruiz***, 131 A.3d at 59. Thus, Appellant generally had until Monday, June 12, 2017, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant filed this instant PCRA petition on April 26, 2019, approximately one year and ten months after this one-year deadline. Thus, Appellant's petition is facially untimely. ***See id.*** We thus consider whether Appellant properly pleaded a timeliness exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Brandon***, 51 A.3d at 233-34.

Instantly, none of the issues raised by Appellant successfully invoked an exception to the PCRA's timeliness requirements. As the PCRA court explained:

> [Appellant] alleges that "(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." ***See*** 42 Pa.C.S.[ ] § 9545(b)(1)(ii). In support he cites the United States Supreme Court case, ***Riley*** . . ., 34 S.Ct. 2473 . . . ,for the proposition that "cell phones have a protected expectation of privacy." Reliance on new case law as a newly discovered "fact" that could not have been discovered through the exercise of due diligence fails. . . .
>
> Assuming *arguendo* that this petition is timely filed, the petition . . . fails to makes a strong *prima face* showing demonstrating that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice may have occurred. . . .

PCRA Ct. Op. at 3-4 (some citations omitted).

---

judgment of sentence became final on June 10, 2016 for the reasons stated above.

Here, Appellant's new-found awareness of the United States Supreme Court decision in **Riley** did not amount to a new fact within the meaning of the timeliness exception at Section 9545(b)(1)(ii) of the PCRA. **See Whitehawk**, 146 A.3d at 271. Appellant is entitled no relief.

Furthermore, even if Appellant had properly pleaded a timeliness exception, no relief would be due. As stated above, Appellant entered into a negotiated guilty plea, and thus waived any challenge to a search of his cell phone. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) ("A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/20