J-S12019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DESHAWN NEWMAN | : | |
| | : | No. 307 EDA 2021 |
| Appellant | | |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001229-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 19, 2022**

Deshawn Newman challenges the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We vacate the PCRA court's order and remand for further proceedings.

This Court previously detailed the factual and procedural history of this case, wherein Appellant and his co-conspirator, Tyrek Scale, were convicted of first-degree murder, conspiracy, and other crimes related to the shooting death of Wali Patrick.  ***See Commonwealth v. Newman***, 156 A.3d 353 (Pa.Super. 2016) (unpublished memorandum).  Of relevance to the issues raised in this appeal, one of the witnesses at trial was John Curry, who saw Appellant and Scale exit a white Suzuki, walk towards the victim's home, heard four gunshots, and saw Appellant and Scale return to the vehicle, which sped away.  Mr. Curry called 911.  A police chase ensued.  The Suzuki crashed

and Appellant and Scale fled on foot, dropping what appeared to be firearms. Ultimately, the police apprehended Appellant and Scale. Mr. Curry was escorted to the crash site and identified Appellant, Scale, and the Suzuki. Additionally, ballistic evidence established that the discarded firearms were involved in the shooting.

Appellant and Scale proceeded to a joint jury trial. The first jury deadlocked and the second jury convicted Appellant and Scale as indicated hereinabove. Appellant was sentenced to life imprisonment without the possibility of parole. On direct appeal, this Court affirmed his judgment of sentence. In 2017, Appellant filed *pro se* a PCRA petition raising several claims ("2017 PCRA petition"). The PCRA court appointed Joseph Schultz, Esquire ("PCRA counsel"), who sought and was granted reinstatement of Appellant's right to pursue appellate review in our Supreme Court *nunc pro tunc*. Appellant filed a petition for allowance of appeal *nunc pro tunc*, which our Supreme Court denied. ***Id***., *appeal denied*, 186 A.3d 369 (Pa. 2018).

Thereafter, Appellant timely filed *pro se* the instant PCRA petition, which we treat as his first ("2018 petition"). ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013) (citation and footnote omitted) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes."). The PCRA court re-appointed PCRA counsel. PCRA counsel reviewed the 2017 PCRA petition, the 2018 PCRA petition, and various letters Appellant had sent to counsel,

before filing a motion to withdraw as counsel and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss the 2018 PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant *pro se* filed a response to the Rule 907 notice, alleging PCRA counsel's ineffectiveness.[1] On April 11, 2019, the PCRA court dismissed the 2018 PCRA petition and granted counsel's motion to withdraw.

Almost two years later, Appellant retained counsel and filed a PCRA petition seeking reinstatement of his PCRA appellate rights *nunc pro tunc* ("2021 PCRA petition"). Therein, Appellant alleged that he attempted to timely file *pro se* an appeal from the order dismissing the 2018 PCRA petition. However, for unknown reasons, those mailings were not docketed. Upon inquiring about the status of his appeal, Appellant learned that the appeal had not been properly filed. He then retained the services of Daniel Silverman, Esquire, to assist with seeking reinstatement of his PCRA appeal rights *nunc pro tunc*. Recognizing that the petition was patently untimely, Appellant invoked the governmental interference and newly-discovered fact exceptions to the PCRA time-bar. **See** 42 Pa.C.S. § 6545(b)(1)(i-ii). After concluding that Appellant satisfied the newly-discovered fact exception, the PCRA court granted Appellant's petition and reinstated his right to file *nunc pro tunc* an appeal from the April 11, 2019 order dismissing the 2018 PCRA petition.

---

[1] These initial allegations of PCRA counsel's ineffectiveness are distinct from those raised in Appellant's subsequent Pa.R.A.P. 1925(b) statement.

This timely appeal *nunc pro tunc* followed. Appellant included a concise statement pursuant to Pa.R.A.P. 1925(b) within his notice of appeal. He raised, *inter alia*, several layered claims of ineffective assistance of PCRA counsel for failing to investigate and identify various ineffectiveness claims as to trial and/or appellate counsel. Appellant argued that his claims alleging PCRA counsel's ineffectiveness were preserved because he could not raise them while still represented by PCRA counsel and his Rule 1925(b) statement was therefore the first opportunity to raise these claims. *See* Rule 1925(b) Statement, 2/6/21, at 5-6. Appellant filed a supplemental Rule 1925(b) statement asking the PCRA court to recommend that the matter be remanded to the PCRA court for an evidentiary hearing on these claims.

In its Rule 1925(a) opinion, the PCRA court concluded that the claims of layered ineffective assistance of counsel that Appellant raised in his Rule 1925(b) statement were waived for failing to include them in the 2018 PCRA petition or in an amended petition therefrom. *See* PCRA Court Opinion, 4/6/21, at 3. Despite this, the PCRA court conducted an alternative analysis and found the underlying claims of trial and/or appellate counsel's ineffectiveness to be meritless. *Id*. at 3-10.

Appellant raises the following issues for our consideration: [2]

_____

[2] For context, we recount briefly the relevant procedural history that transpired between the PCRA court's Rule 1925(a) opinion and Appellant's brief. Specifically, Attorney Silverman sought to withdraw in this Court as his retention was limited to the 2021 PCRA petition and preserving Appellant's
*(Footnote Continued Next Page)*

- 4 -

1. Should this Court defer consideration of this appeal until after the Pennsylvania Supreme Court issues its ruling in **Commonwealth v. Aaron Bradley**, No. 37 EAP 2020, where the court will decide what the proper mechanism is to enforce the state rule-based right of litigants to raise the effective assistance of initial PCRA counsel?

   a. Did the lower court err in finding waived all state rule-based claims of initial counsel's ineffective assistance because Appellant raised those claims for the first time in his Rule 1925(b) Statement when that was his first and only opportunity to do so?

2. Was initial PCRA counsel ineffective for failing to identify the claim that (a) direct appeal counsel was ineffective for failing to raise the claim that the trial court violated the public-trial guarantee by closing the courtroom during counsel's closing arguments without notifying the parties and (b) trial counsel was ineffective for failing to object when the trial court also closed the courtroom during a pre-trial motion, without first considering less drastic remedies or adequately setting down her reasons for doing so?

_____

PCRA appeal rights. We granted counsel's motion and remanded for the PCRA court to determine if new counsel should be appointed for purposes of this PCRA appeal. **See** *Per Curiam* Order, 4/13/21. On remand, the PCRA court appointed Earl G. Kauffmann, Esquire, to represent Appellant. Attorney Kauffmann subsequently sought to withdraw as counsel after Appellant once again retained the services of Attorney Silverman. Around this same time, Attorney Silverman filed an application for remand on Appellant's behalf to supplement his Rule 1925(b) statement. This Court granted Attorney Kauffmann's motion to withdraw, granted Appellant's application for remand, and directed the PCRA court to file a supplemental opinion. **See** *Per Curiam* Order, 9/28/21. Appellant filed a supplemental Rule 1925(b) statement modifying one of the claims previously set forth. The PCRA court, in its supplemental opinion, contended that the modified claim was waived for failing to include it in the initial Rule 1925(b) statement and for failing to include it in the 2018 PCRA petition. **See** Supplemental PCRA Court Opinion, 10/7/21, at 3. In the alternative, the PCRA court addressed the claim and found it meritless. **Id**. at 3-4. A supplemental record was submitted to this Court and the briefing schedule was reinstated.

3. Was initial PCRA counsel ineffective for failing to identify the claim that trial counsel was ineffective for failing to present evidence that Appellant enjoyed an excellent reputation for being a peaceful and non-violent person?

4. Was initial PCRA counsel ineffective for failing to identify the claim that direct appeal counsel was ineffective for failing to raise the claim that the trial court erred in denying the pre-trial motion to suppress (a) the out-of-court identification of eyewitness John Curry on the ground that the show-up procedure was unnecessarily suggestive; and (b) the derivative in-court identifications on the grounds that they were tainted fruits of the initial illegality where Curry did not have an independent basis on which to make those identifications adequate to purge the taint?

Appellant's brief at 3-4.[3]

As noted by the Commonwealth in its brief and Appellant in his reply brief, our Supreme Court decided *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), during the pendency of this appeal. By way of background, a petitioner has a rule-based right to the appointment and effective assistance of counsel for a first PCRA petition. *See id*. at 391 (citations omitted). Prior to *Bradley*, our courts had held that "a petitioner was required to raise PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice" and that such a claim could not be raised for the first time on appeal. *Id*. at 397 (citations omitted).

Here, Appellant was entitled to the appointment and effective assistance of counsel for the 2018 PCRA petition, as it was considered his first. Consistent with then-existing precedent, Appellant purported to raise PCRA

---

[3] Appellant included a footnote that all claims alleged violations of both the United States and Pennsylvania constitutions. Appellant's brief at 3 n.1.

counsel's ineffectiveness in response to the PCRA court's Rule 907 notice. However, PCRA counsel had not yet been permitted to withdraw. "A petitioner who is already represented by PCRA counsel cannot represent himself, or seek concurrent representation by an additional attorney, as doing so would be precluded by the prohibition on hybrid representation." *Id*. at 398 (citation omitted). Thus, Appellant's *pro se* response was a legal nullity. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").[4]

In *Bradley*, our Supreme Court found the then-existing approach of utilizing Rule 907 as the sole mechanism for challenging PCRA counsel's ineffectiveness functionally unsound and abandoned it. *Id*. at 398, 400-01. In its place, the Court implemented "a modified and flexible . . . approach allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Id*. at 405.

Instantly, Appellant raised the claims challenging PCRA counsel's ineffectiveness in his Rule 1925(b) statement. Upon review of the certified record and *Bradley*, we agree with Appellant and the Commonwealth that the Rule 1925(b) statement was the earliest opportunity to do so. Thus, we reject

---

[4] We note that, as discussed *infra*, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court rejected the Rule 907 approach for challenges to the effective assistance of counsel that had been extended by, *inter alia*, *Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011).

the PCRA court's assertion that the claims are waived and we turn our attention to their merits.

On appeal from a PCRA court's decision, our scope of review is "limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*) (cleaned up). The PCRA court's credibility determinations are binding on this Court when supported by the certified record, but we review its legal conclusions *de novo*. *Id*. (citation omitted).

Appellant challenges the effective assistance of trial, appellate, and PCRA counsel. Preliminarily, we observe that counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. *Id*. (citation omitted). To do so, he must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id*. (citation omitted).

Specifically, Appellant's claims focus on PCRA counsel's ineffectiveness for failing to raise claims as to the ineffectiveness of appellate and/or trial counsel. "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in

- 8 -

fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa.Super. 2010).

For Appellant's claims, the first attorney that purportedly rendered ineffective assistance is, respectively, as follows: (1) trial counsel for failing to object to the closing of the courtroom during the pre-trial motion; (2) appellate counsel for failing to raise a challenge on appeal to the trial court's surreptitious closing of the courtroom during closing arguments; (3) trial counsel for not presenting character evidence that Appellant enjoyed a reputation for being peaceful and non-violent; and (4) appellate counsel for failing to challenge the pre-trial suppression ruling on the grounds that the show-up was unnecessarily suggestive and the subsequent in-court identification was tainted. In its Rule 1925(a) opinion, the PCRA court found these claims waived but considered, in the alternative, the merits of Appellant's underlying claims of ineffective assistance of appellate and/or trial counsel.

In permitting petitioners to raise claims of PCRA counsel's ineffectiveness for the first time on appeal, the ***Bradley*** Court recognized remand may sometimes be necessary:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such

> claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

**Bradley**, **supra** at 402 (cleaned up). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." **Id**. at 403. Thus, our Supreme Court reaffirmed the preference for evidentiary hearings and the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Commonwealth v. Colavita**, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds by* **Bradley**, *supra*. Moreover, the appropriate forum for the development of an evidentiary record on PCRA claims is the PCRA court as the appellate courts do not serve as fact-finding courts. **See Commonwealth v. Shaw**, 247 A.3d 1008, 1017 (Pa. 2021) (citations omitted).

As discussed *supra*, Appellant raised PCRA counsel's ineffectiveness at the earliest opportunity. Additionally, his claims are not mere boilerplate assertions. **See Bradley**, **supra**, at 402. The PCRA court considered the merits of the ineffectiveness claims in the alternative, finding that Appellant had failed to establish either the arguable merit of the underlying claim or prejudice. Since the court found trial counsel and appellate counsel effective, PCRA counsel could not be ineffective for failing to challenge their effectiveness. However, because the claims were raised for the first time on

- 10 -

appeal, no evidentiary hearing was held. Thus, Appellant has not had the opportunity to develop these claims outside the argument in his brief, which occurred after the PCRA court found the claims to be meritless. With this backdrop, we consider each claim in turn to determine whether remand is necessary.

We begin with Appellant's first two claims regarding closure of the courtroom during the pre-trial motion and Appellant's closing argument. "A defendant has a Sixth Amendment right to a trial that is open to members of the public." *Commonwealth v. Jordan*, 212 A.3d 91, 101 (Pa.Super. 2019) (citation omitted). The United States Supreme Court has set forth that while a defendant has the right to a public trial, a court may close the courtroom if the following factors ("*Waller* factors") are met: "(1) there is 'an overriding interest that is likely to be prejudiced,' (2) the closure is 'no broader than necessary to protect that interest,' (3) the trial court considers 'reasonable alternatives' to closure, and (4) the trial court makes 'findings adequate to support the closure.'" *Id*. (quoting *Waller v. Georgia*, 467 U.S. 39, 48 (1984)). "The violation of the right to a public trial constitutes a structural defect, a specific type of constitutional error warranting a new trial without any showing of prejudice." *Id*. at 103 (citation omitted). However, in Pennsylvania, when the violation is raised in connection with an ineffective assistance of counsel claim, the petitioner must establish prejudice. *See Commonwealth v. Rega*, 70 A.3d 777, 787 (Pa. 2013) (citation omitted).

Appellant's first layered claim begins with trial counsel's ineffectiveness for failing to object to the closing of the courtroom during the pre-trial motion hearing. Critically, in his brief, Appellant asks this Court to ignore our case law requiring proof of prejudice in connection with an ineffective assistance of counsel claim for failing to object to a courtroom closure. **See** Appellant's brief at 36. This we cannot do. As Appellant failed to present any argument that he was prejudiced by trial counsel's inaction, relief is "plainly unavailable as a matter of law" and we need not remand to the PCRA court for further consideration of this claim. **See Bradley**, **supra** at 402.

We next turn to Appellant's layered claim that begins with appellate counsel's ineffectiveness for failing to argue on direct appeal that the trial court erred in closing the courtroom during closing arguments. By way of background, unbeknownst to trial counsel, the trial court apparently directed court staff to stop allowing individuals into the courtroom during the defense closing arguments. The only evidence of this is that the trial court thereafter advised counsel of what it had done. **See** N.T., 4/17/15, at 97-98.

In concluding Appellant's layered ineffectiveness claim was meritless, the PCRA court found the underlying claim to be without merit. Specifically, the court determined that the courtroom was never closed because the court merely barred re-entry or, in the alternative, the closure was justified. **See** PCRA Court Opinion, 4/6/21, at 8-9. Additionally, the PCRA court concluded that Appellant failed to prove prejudice. **Id**. at 9. Finally, according to the PCRA court, trial counsel failed to object to the closure and therefore appellate

counsel could not be deemed ineffective for failing to raise a waived claim. PCRA Court Opinion, 10/7/21, at 4.

Contrarily, Appellant argues that because trial counsel was unaware the closure had happened, he was unable to object and therefore it was appellate counsel who was first ineffective for failing to raise the substantive claim as to this closure on direct appeal. *See* Appellant's brief at 20, 30. Moreover, and unlike the prior claim, Appellant argues that he was prejudiced by appellate counsel's failure to raise this claim on appeal because, if successful, his conviction would have been vacated. *See* Appellant's brief at 33.

Based on the certified record, it is unclear whether the courtroom was in fact closed, whether trial counsel was aware of the closure before it happened, and whether counsel had an opportunity to preserve the issue at trial or if it could only be raised for the first time on appeal. Given these ambiguities, the fact that Appellant raised more than a boilerplate assertion of layered ineffectiveness, and relief is not plainly unavailable as a matter of law, we conclude that the most prudent course of action is to remand this claim to the PCRA court. Upon remand, the PCRA court will be best equipped to consider this issue in the first instance with the benefit of an amended PCRA petition and, if warranted, an evidentiary hearing.

We next turn to Appellant's third claim regarding trial counsel's failure to present character evidence. A criminal defendant may offer evidence of a pertinent character trait as substantive evidence that he did not commit a charged crime. *See* Pa.R.E. 404(a)(2)(A). "Evidence of good character is

substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence." **Commonwealth v. Goodmond**, 190 A.3d 1197, 1201 (Pa.Super. 2018) (cleaned up). However, "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." **Commonwealth v. Treiber**, 121 A.3d 435, 463 (Pa. 2015). Rather, to succeed on such a claim, a petitioner must establish the following:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Goodmond**, **supra** at 1202 (cleaned up).

Critically, the primary reason the PCRA court concluded that Appellant's claim failed was because Appellant did not establish that any witness was willing and able to testify that he had a reputation for peacefulness and non-violence. PCRA Court Opinion, 4/6/21, at 6. In his brief, however, Appellant included declarations from three witnesses that claimed to be willing and able to provide such testimony. **See** Appellant's brief at Exhibits A-C.

Assuming such a witness existed, the PCRA court concluded that Appellant's claim would still fail because he could not establish prejudice given the strength of the physical and eyewitness evidence against him. **See** PCRA Court Opinion, 4/6/21, at 6. Appellant disagrees with the purported strength of this evidence as the initial jury, on the same evidence, was unable to reach

a verdict. **See** Appellant's brief at 42. Since character evidence itself can create reasonable doubt, Appellant avers that he was prejudiced by counsel's inaction. **Id**.

Given the potential prejudice, Appellant's presentation of witness declarations, the uncertainty as to whether counsel knew about these witnesses and their willingness to testify,[5] and the PCRA court's silence as to the reasonableness of counsel's inaction, we conclude that relief is not plainly unavailable as a matter of law. **See Colavita**, **supra**; **Shaw**, **supra**. Accordingly, remand is also necessary for this claim.

Finally, we address Appellant's claims regarding appellate counsel's failure to challenge the pre-trial suppression ruling on appeal, mindful of the following principles:

> In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. Our Supreme Court has held that on-scene identifications are not only consistent with due process but also enhance the reliability of identifications as they occur when events are fresh in a witness's mind.

---

[5] It is also unclear from the certified record if counsel spoke to Appellant about whether he had any character witnesses to present. Instead of a detailed colloquy regarding the importance of character witnesses, the following brief exchange occurred:

> THE COURT: [Appellant], any other witnesses other than the one that Mr. Patrizio is calling [regarding your limp]?
>
> [APPELLANT]: No.

N.T., 4/17/15, at 17.

- 15 -

In deciding whether to admit contested identification evidence, the trial court must consider: (1) the opportunity of the witness to view the perpetrator at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of his prior description of the perpetrator at the confrontation; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and confrontation. Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors.

The suppression court may suppress an out-of-court identification only where, after considering all the relevant circumstances, the facts demonstrate that the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The most important factor in addressing the reliability of an identification is the witness's opportunity to observe the perpetrator at the time of the crime.

*Commonwealth v. Milburn*, 191 A.3d 891, 899–900 (Pa.Super. 2018) (cleaned up).

Briefly, this issue concerns the identification of Appellant by Mr. Curry after Appellant was apprehended by police. In concluding that the underlying claim lacked arguable merit, the PCRA court found that the show-up procedure was not unduly suggestive and that Mr. Curry had a strong basis for his identification:

Curry first saw the [two men] in a well-lit area, only fifteen feet from where he was standing in his home. Curry closely observed them before and after they went to Kinsey Street, and after they drove past his home in their attempt to flee. Curry told officers that he would be able to identify them if given the opportunity. Curry's identification occurred only a half hour after first seeing [Appellant] and his co-defendant, and in making the identification, Curry displayed a high degree of certainty.

- 16 -

PCRA Court Opinion, 4/6/21, at 5 (record citations omitted). As the PCRA court found the initial identification to be sound, it unsurprisingly did not address the merits of Appellant's derivative claim that the subsequent in-court identification was tainted.

The evidentiary record before us is incomplete. While it includes Appellant's motion to suppress, where he preserved both claims, the certified record does not contain the transcript of Appellant's suppression hearing. Therefore, we are unable to evaluate whether the PCRA court's conclusion that the underlying claim lacked merit is supported by the record, and therefore also cannot evaluate Appellant's derivative claim as to the in-court identification being tainted by the initial show-up procedure. Due to the insufficient record for these claims, we deem remand necessary here as well.

Based on the foregoing, we vacate the order denying the 2018 PCRA petition and remand this case to the PCRA court for Appellant to create an evidentiary record in conjunction with his claims that PCRA counsel was ineffective for not ascertaining or raising (1) appellate counsel's ineffectiveness for failing to argue that the trial court erred in closing the courtroom during closing arguments, (2) trial counsel's ineffectiveness for failing to present character witnesses, and (3) appellate counsel's ineffectiveness for failing to challenge the pre-trial suppression ruling. Upon remand, counsel should file an amended petition on Appellant's behalf, wherein he can fully develop these claims. Thereafter, the PCRA court must decide whether to conduct an evidentiary hearing on the new claims.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/19/2022*