J-S24039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MURRAY | : | |
| | : | |
| Appellant | : | No. 662 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0402341-1999

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED SEPTEMBER 08, 2022**

Christopher Murray (Murray) appeals an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing as untimely a successive petition for post-conviction relief[1] filed over 18 years after his judgment of sentence became final.  We affirm.

**I.**

On June 28, 2000, Murray was convicted after a jury trial of first-degree murder and abuse of a corpse.  On October 19, 2000, he was sentenced to life without parole on the murder count and a concurrent term of 1-2 years as

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The petition was filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

to the remaining count. Murray appealed and the judgment of sentence was affirmed on October 23, 2001. *See Commonwealth v. Murray*, 790 A.2d 341 (Pa. Super. 2001) (unpublished memorandum decision). Murray did not seek further review.

In 2002, Murray filed his first PCRA petition, *pro se*. Counsel was appointed, and upon review of the case, counsel filed a "no merit" letter pursuant to *Turner*/*Finley*.[2] The PCRA court dismissed the petition in 2003 for lack of merit. Murray appealed, and a panel of this Court affirmed the dismissal of the petition in 2004. *See Commonwealth v. Murray*, 794 EDA 2003 (Pa. Super. August 26, 2004) (unpublished memorandum decision).

Murray's instant petition (his second) was filed, *pro se*, on December 20, 2019. He argued that counsel was ineffective in the underlying criminal case by failing to convey a plea agreement with the Commonwealth which would have been more favorable to him than the sentence he ultimately received following the jury trial. Murray claimed that after going through the belongings of his recently deceased father, he discovered a letter dated March 20, 2000, referring vaguely to a "a plea agreement" which he had purportedly only learned of upon the discovery of the letter. Murray attached to his

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition an affidavit from his sister, Celestine Murry, purporting to establish that Murray had only recently learned of the plea agreement.

On January 4, 2021, the PCRA court served notice of its intent to summarily the dismiss the petition as untimely filed. *See* Pa.R.Crim.P. 907. Murray filed a response to the PCRA court's notice on February 11, 2021. Nevertheless, on March 11, 2021, the PCRA summarily dismissed the petition. A timely appeal was then filed, and the PCRA court submitted a 1925(a) opinion outlining why the order dismissing the petition should be affirmed. *See* PCRA Court 1925(a) Opinion, 3/4/2021, at 1-5.

In his brief, Murray presents two issues for our consideration:

1.   Whether the PCRA Court's determination/ruling was free of legal error where [Murray] was able to show and prove that his PCRA petition was timely in compliance with 42 Pa.C.S. § 9545(b)(1)(ii).

2.   Whether trial counsel and initial PCRA counsel w[ere] ineffective for failing to present [Murray] with a plea offer.

Appellant's Brief, at 3 (renumbered, suggested answers omitted).

## II.

The dispositive issue in this appeal is whether Murray's PCRA petition was timely filed in 2019.[3]

---

[3] On review of an order denying PCRA relief, "we examine whether the PCRA court's determinations are supported by the record and free of legal error." *Commonwealth v. Goodmond*, 190 A.3d 1197, 1200 (Pa. Super. 2018). The PCRA court's legal conclusions are reviewed under a *de novo* standard. *See id.*

The timeliness of a PCRA petition is jurisdictional in nature. **See Commonwealth v. Robinson**, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the underlying judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1).

A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Supreme Court Pennsylvania, or at the expiration of time for seeking such review. **See id.** at § 9545 (b)(3). Once a year elapses from that point, a Pennsylvania court has no jurisdiction to review the merits of a PCRA petition unless an enumerated exception applies. **See id.**; **see also Commonwealth v. Rienzi**, 827 A.2d 369, 371 (Pa. 2003).

Once such exception (the one Murray now contends is applicable) is where a PCRA petitioner can show by a preponderance of the evidence that the claim is based on facts which could not have previously been discovered through the exercise of due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii); **see also Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007). Essentially, due diligence requires a petitioner to take reasonable steps to protect his own interests. **See Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001); **Commonwealth. v. Vega**, 754 A.2d 714, 718 (Pa. Super. 2000).

In 2018, subsection 9545(b)(2) was amended to allow petitioners one year from the date a new fact was discovered to assert a claim under this exception. *See* 42 Pa.C.S. § 9545(b); Section 3 of Act 2019, Oct. 2, P.L. 894, No. 145, effective in 60 days (applying to claims arising on "Dec 24, 2017 or thereafter"). However, for claims that arose prior to the amendment of the statute, a claim arising from a newly discovered fact would have to be filed within 60 days of the fact's discovery. *See id.*

Here, Murray's claims are facially untimely. His judgment of sentence became final for PCRA purposes on or about November 23, 2001, 30 days after the Pennsylvania Superior Court affirmed the trial court's judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court had expired. *See* 42 Pa.C.S. § 9545(b)(3). Murray's instant petition was filed on December 20, 2019, which was about 18 years beyond the filing deadline. *See id.*

Murray argues that the time-bar does not preclude his PCRA claims because his trial counsel was ineffective in failing to convey a plea agreement, and he filed the claim within a year of discovering in 2019 the existence of the plea agreement. Along the same lines, Murray contends that his PCRA counsel was ineffective in failing to raise that issue in his initial PCRA proceedings, and that PCRA counsel's ineffectiveness similarly hinged on facts pertaining to the unconveyed plea agreement which Murray had only recently discovered.

However, with respect to both plea counsel and his PCRA counsel, Murray has failed to satisfy the PCRA's newly-discovered fact exception.

The record refutes Murray's claim that the unconveyed plea was a fact he only recently discovered in 2019. Murray attempted to raise this same issue in 2003, when he included it in his 1925(b) statement for a prior PCRA appeal. A panel of this Court declined to address the merits of the claim because it had been waived for appellate purposes, having not been raised before the PCRA court in the first instance. *See Commonwealth v. Murray*, 794 EDA 2004, at 7 (Pa. Super. August 26, 2004) (unpublished memorandum decision). Accordingly, because Murray knew or should have known about the purported plea agreement about 18 years prior to the filing of his present PCRA petition, he cannot satisfy the newly-discovered fact exception to the PCRA's jurisdictional time-bar.[4] Thus, the PCRA court properly dismissed Murray's instant petition as untimely, and the order of dismissal must stand.

Order affirmed.

---

[4] Murray's claim is clearly time-barred under the version of 42 Pa.C.S. § 9545(b) which was in effect in 2003 which afforded petitioners 60 days to file a claim from the date it arose. Even if the current version of the statute were to apply, the claim would still be untimely because it arose over 18 years ago.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/8/2022*