J-S07030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ILUMINADO MARTINEZ | : | |
| | : | |
| Appellant | : | No. 448 MDA 2023 |

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001409-2016

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: MAY 8, 2024**

Iluminado Martinez appeals *pro se* from the order denying his first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On December 18, 2015, [Martinez] and an accomplice lured Antonio [Pabon] ("the Victim") to an apartment located in the 1000 block of Tenth Street in the city of Reading, Pennsylvania, where they then robbed the Victim at gunpoint. Martinez and his accomplice stole $500 from the Victim's person and another $7,700 from the glove compartment of the Victim's car.

> The matter proceeded to a non-jury bench trial on August 24, 2016, at which the Commonwealth presented both the Victim and the responding officer. The Victim testified that he runs a home improvement business and that he agreed to meet with

---

[*] Retired Senior Judge assigned to the Superior Court.

Martinez to discuss carpet installation at the apartment. Upon arriving at the apartment, Martinez and his accomplice robbed him at gunpoint. After the perpetrators left, the Victim walked to a corner bodega where the owner called the police.

Martinez, who was represented by [trial counsel], testified on his own behalf and disputed the Victim's account of any robbery or assault. Instead, Martinez alleged that he and the Victim had been engaged in drug transactions with Martinez purchasing approximately one to two pounds of marijuana two to three times a week prior to the incident. According to Martinez, on the night in question, as he and the Victim were meeting for another drug transaction, while the Victim was in another room, [Martinez] stole a laptop bag full of three and one-half pounds of marijuana and fled the apartment. Martinez refuted the story that he robbed the Victim or that anyone else was with him at the apartment. During his testimony, Martinez presented text messages that he alleged were messages between himself and the Victim regarding their drug activity.

PCRA Court Opinion, 10/26/22, at 1-2. At the conclusion of the proceedings, the trial court convicted Martinez of two counts of robbery and related charges. That same day, the trial court sentenced him to an aggregate term of 10½ to 25 years in prison.

After retaining new counsel and filing a PCRA petition, Martinez's direct appeal rights, as well as his post-sentence rights, were reinstated, *nunc pro tunc*, on May 30, 2019. Thereafter, Martinez filed a post-sentence motion, which the trial court denied. Martinez appealed. On December 24, 2019, this Court found no merit to Martinez's claims on appeal and, therefore, affirmed his judgment of sentence. ***Commonwealth v. Martinez***, 225 A.3d 1185 (Pa. Super. 2019) (non-precedential decision).

On September 15, 2020, Martinez filed a counseled PCRA petition alleging ineffectiveness of trial counsel. On September 17, 2021, the court

held an evidentiary hearing at which Martinez testified. Additionally, Martinez presented several witnesses regarding his character for non-violence. Trial counsel also testified. On October 26, 2022, the PCRA court filed an opinion and order denying Martinez's petition.

Martinez filed a timely *pro se* appeal. This Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following a **Grazier** hearing, the PCRA court determined that Martinez wished to proceed *pro se*. Both Martinez and the PCRA court have complied with Pa.R.A.P. 1925.

Martinez raises the following issues on appeal:

1. Whether trial counsel was ineffective for failing to properly advise [Martinez] regarding the potential use of character evidence at trial, and for failing to utilize character evidence at trial; and did the PCRA court err in finding that [trial] counsel had a reasonable basis for doing so?

2. Whether trial counsel was ineffective for failing to have the text messages between [Martinez] and [the Victim] transcribed and then using those text messages to impeach [the Victim]; and whether PCRA counsel was ineffective for failing to raise this claim in the amended petition?

3. Whether the cumulative effect of these errors raised herein prejudiced [Martinez]; and whether PCRA counsel [was] ineffective for failing to raise this claim in the amended petition?

Martinez's Brief at 2 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will

- 3 -

not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Webb**, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing **Commonwealth v. Barndt**, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

In his first issue, Martinez raises a claim regarding trial counsel's alleged ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.**

In his remaining issues, Martinez presents layered claims of ineffectiveness of counsel. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2022) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel."

*Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.*

We first address Martinez's claim of trial counsel's ineffectiveness. Martinez asserts that trial counsel's decision to forgo the calling of character witnesses at his trial was unreasonable because "the probative value of the character witness testimony, clearly, would have outweighed any potential prejudice [he] would have suffered." Martinez's Brief at 10. He further argues that character evidence would have bolstered his defense and that, had evidence of his character been presented, "there is a reasonable probability that the outcome of [his] trial would have been different." *Id.* at 12. According to Martinez, "[i]t is apparent from the face of the record that [he] asked [trial counsel] to utilize available critical character testimony and not only did counsel fail to do so, [trial counsel] also gave an unreasonable and unacceptable reason for failing to do so." *Id.* Our review of the record refutes this ineffectiveness claim.

We first discuss the applicable law regarding the admission of character evidence:

> As a general rule, evidence of a person's character may not be admitted to show that the individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)[(2)] provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1201 (Pa. Super 2018).

This Court has also explained the limited purpose for the admission of character evidence:

> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

> It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the [fact-finder] in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, . . . is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character involved in the commission of the crime charged*. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, *not through specific acts* or mere rumor.

*Goodmond*, 190 A.3d at 1201-02 (Pa. Super. 2018) (italics and citations omitted).

However, the use of character witnesses is not without risk. "Character witnesses, like any other witnesses, can be subject to cross-examination[.]" *Commonwealth v. Scott*, 436 A.2d 607, 610 (Pa. 1981). "While character witnesses may not be impeached with specific acts of misconduct, a character witness may be cross-examined regarding his or her knowledge of particular acts of misconduct to test the accuracy of the testimony." *Commonwealth v. Puksar*, 951 A.2d 267, 281 (Pa. 2008).

Regarding claims of ineffectiveness, our Supreme Court has explained, "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." *Commonwealth v. Liester*, 121 A.3d 435, 463 (Pa. 2015). As with any other witness, when a PCRA petitioner alleges counsel was ineffective for failing to call a character witness, he must establish "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Id.* at 464.

Here, the PCRA court summarized the testimony presented by Martinez and trial counsel the evidentiary hearing:

> At the evidentiary hearing, Martinez presented four character witnesses who all testified that they are aware of Martinez's reputation in the community as an honest and non-violent or peaceful person. However, almost all of the witnesses likewise indicated on cross-examination that they were not aware of whether those in the community holding the view of Martinez as being honest and peaceful also knew that he testified to

- 7 -

committing a theft at trial or that he had criminal convictions for false identification[,] for harassment[, and] for engaging in fighting.

Furthermore, Trial Counsel was acutely aware of Martinez's intention to testify, as well as his criminal history. Trial Counsel noted that upon learning of Martinez's determination to testify that he only intended to steal [drugs] from the Victim, but not rob him at gunpoint, he thought that presenting character evidence for the notion that Martinez had a reputation for being honest and peaceful "would have been counterintuitive and . . . an insult to the intellect of the [trial court]." Trial Counsel testified that when he spoke to Martinez regarding the consequences of testifying on his own behalf and of calling character witnesses, Martinez then decided not to have character witnesses called. Trial Counsel stated that he believed the decision not to call character witnesses to be a strategic one agreed to by both [counsel] and Martinez.

PCRA Court Opinion, 10/26/22, at 12. For his part, Martinez testified that he "was never aware that you can present character witnesses" and trial counsel "never mentioned that form of defense" to him. N.T., 9/17/21, at 39-40.

Given the above testimony, the PCRA court rejected Martinez's claim that he was not advised he could present character testimony. The court also rejected Martinez's claim that trial counsel was ineffective for failing to call the witnesses Martinez presented at the evidentiary hearing:

Based upon the testimony presented at the evidentiary hearing, we find Martinez's claim to be without merit. This court finds trial counsel's testimony that he advised Martinez regarding the use of character evidence to be credible. Further, the choice not to present such evidence at trial was a reasonable strategic decision in an attempt to present Martinez's testimony at trial without introduction of his criminal history that would undermine his credibility. Therefore, Martinez is due no relief on this claim.

\*\*\*

While we are cognizant that in a case where the nature of the evidence involves testimony of two direct witnesses, character evidence is critical to a determination of credibility. However, trial counsel's decision was clearly a tactical one when weighed against both Martinez's own testimony and his criminal history.

As our Supreme Court has reiterated:

We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

***Commonwealth v. Blount***, 647 A.2d 199, 207 (Pa. 1994).

We are compelled to the same result herein. Based on the testimony at the evidentiary hearing in this matter, and on the record of the case, we find that Martinez has failed to carry his burden to establish that trial counsel was ineffective for failing to present character evidence, and he is thus due no relief on this claim.

PCRA Court Opinion, 10/26/22, at 10-13 (excess capitalization omitted). Our review of the record supports the PCRA court's conclusions.

Initially, regarding credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. ***See Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Here, the PCRA court rejected Martinez's claim that he never knew he could call character witnesses.

Martinez focuses his ineffectiveness argument on the claim that trial counsel had no reasonable basis for his failure to present character evidence. We cannot agree. As our Supreme Court has stated:

> A chosen strategy will not be found to have been unreasonable unless it is proven that the path not chosen offered a potential for success substantially greater than the course actually pursued. Finally, to prove prejudice a defendant must show that but for counsel's error, there is a reasonable probability, i.e., a probability that undermines confidence in the result, that the outcome of the proceeding would have been different.

*Commonwealth v. Miller*, 987 A.2d 638, 648-49 (Pa. 2009). Additionally, we have held "[c]ounsel has a reasonable, strategic basis for not calling character witnesses if he has a legitimate reason to believe that the Commonwealth would cross-examine the witnesses concerning bad-character evidence." *Commonwealth v. Hull*, 982 A.2d 1020, 1023 (Pa. Super. 2009).

Upon our review of the record, including the testimony from the PCRA hearing, Martinez's claim of trial counsel's ineffectiveness for failing to call character witnesses fails. Trial counsel's testimony reveals that he weighed the benefit against the potential harm of presenting such testimony and made a reasonable decision not to call character witnesses. Martinez has failed to establish that the outcome of his bench trial would have been substantially different if only trial counsel had presented evidence of his character. This is especially true, given Martinez's own admission that he committed a theft of drugs.

In his second claim, pursuant to *Bradley*, *supra*, Martinez asserts that PCRA counsel was ineffective for failing to have the text messages between

Martinez and the Victim transcribed and then using those text messages to impeach the Victim. Because this claim is being raised for the first time on appeal, the PCRA court did not address it. As our Supreme Court stated in ***Bradley***:

> In some instances, the record before the appellate court will be sufficient to allow for the disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for a remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Bradley***, 261 A.3d at 402 (citations, quotation marks, brackets and footnote omitted).

Here, the present record permits us to review Martinez's second claim. Indeed, when testifying in his own defense, Martinez informed the trial court that he and the Victim communicated in code on the day of the incident about making a drug deal. Martinez's cell phone was admitted into evidence and Martinez read the text messages and explained to the court what certain words meant in drug terms. ***See*** N.T., 11/1/16, at 66-75.

Before reaching its verdict in this case, the trial court, acting as fact-finder stated:

> THE COURT: All right. When the court evaluates testimony in a case, the court does exactly that which a jury would do. And one of the court's instructions to the jury always is that with

- 11 -

respect to the testimony of any witness, you may believe all, part, or none of their testimony. That is the court's practice as well. This is a different case. I don't know that I've seen one exactly like this. And there certainly are questions that are natural to pose that do not have any answers but don't necessarily affect the question of what the verdict ought to be.

The court expressed great interest in this phone which is now an exhibit in the record in this case and which I will deal with shortly as to what is to be done with it. Suffice it to say, without going through the thought processes that have brought me to my conclusions in this case, that a victim of a case, of a crime, may have been involved in some nefarious activity is unfortunate but doesn't necessarily affect that which is alleged to have occurred.

N.T., 11/1/16, at 98-99. The trial court then found Martinez guilty of robbery and related charges.

We read the trial court's comments as concluding that, even if Martinez met with the Victim to buy drugs, rather than give an estimate for carpet installation, the Commonwealth presented sufficient evidence that a robbery still occurred. Indeed, in rejecting Martinez's challenge to the weight of the evidence in his direct appeal, this Court found no abuse of discretion in the trial court's following explanation for why it denied Martinez's weight claim:

At the bench trial, the court heard testimony from the Victim and from [Martinez] regarding the incident. Testimony from the parties was obviously conflicting and the court was free to make credibility determinations based upon its observation and experience. Furthermore, [Martinez's] presentation of certain text messages from his cell phone were unconvincing in support of his testimony [that he merely committed a theft of drugs]. We find [Martinez's] claim that the verdicts were against the weight of the evidence to lack merit.

**Martinez**, **supra**, (non-precedential decision at 13) (citing Trial Court Opinion, 7/1/19, at 7).

Given the above, Martinez fails to establish that a different outcome would have resulted had counsel had these text messages transcribed and used them to cross-examine the Victim at trial. ***Johnson***, ***supra***. ***See also Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in vacuum). Therefore, Martinez's second layered claim of ineffectiveness fails.

In his final issue on appeal, Martinez claims that PCRA counsel was ineffective for failing to raise a claim that the cumulative effect of the above omissions by trial counsel prejudiced him. We have already determined that Martinez's first two claims of ineffectiveness lack merit. "[N]o number of failed claims may collectively attain merit if they could not do so individually." ***Commonwealth v. Tedford***, 960 A.2d 1, 56 (Pa. 2009) (citation omitted). Thus, Martinez's third ineffectiveness claim fails.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/8/2024